UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| WILLIAM COX, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO. 3:12-CV-320 PS |
| vs. | ) | |
| | ) | |
| MARTIN LEVENHAGEN, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

William Cox, a *pro se* prisoner, moves for a preliminary injunction granting him various forms of relief while this case is pending. (DE 29.) Cox is proceeding on a claim that medical staff at Westville Correctional Facility ("Westville") provided inadequate medical care for problems he is having with his knee. (DE 13.) He alleges that in September 2011 he was prescribed a medication for knee pain that did not alleviate his pain and caused significant side effects. (*Id.* at 1-3.) He further alleges that medical staff have improperly refused to send him for outside consultation with an orthopedic specialist and provide other necessary medical treatment for his knee. (*Id.* at 3.) In the present motion, Cox argues that he will be irreparably injured if immediate relief is not granted while this case is pending. (DE 29.)

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). To obtain preliminary injunctive relief, the moving party must demonstrate that he or she has a reasonable likelihood of success on the merits, lacks an adequate remedy at law, and will suffer irreparable harm if immediate relief is not granted. *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S., Inc.*, 549 F.3d 1079, 1086 (7th Cir. 2008).

As an initial matter, Cox seeks several forms of relief that go well beyond the scope of this lawsuit. Among other things, he asks me to order the prison to restore him to his job at the law library and "allow Plaintiff to participate in outpatient substance abuse [treatment] as he desires." (DE 29 at 2.) He cannot obtain injunctive relief pertaining to issues outside the scope of his complaint, nor can he "amend" his complaint in this manner. Indeed, Cox has amended his complaint two times already, and further amendments can only be done by leave of court. FED. R. CIV. P. 15(a). Moreover, even if he followed the proper procedures, he cannot proceed with unrelated claims against unrelated defendants in one lawsuit. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). If he believes his constitutional rights have been violated in connection with his prison job or a substance abuse program, he is free to initiate a new lawsuit subject to all the usual constraints of the Prison Litigation Reform Act ("PLRA"). I offer no opinion about the wisdom of pursuing this course, but I will not grant relief on these issues in this case.

That leaves the matter of Cox's knee problem.[1] On this point the evidence shows that Cox is 60 years old and weighs 230 pounds. (DE 36-1, Liaw Aff. ¶ 2.) He is currently under the care of medical staff at Westville, including Dr. Andrew Liaw, for ankle and knee pain. (*Id.* ¶¶ 1-2.) Cox first reported having right knee pain approximately a year ago, and told the doctor that he was having joint instability, popping, and weakness from arthritis, which had been exacerbated by jumping out of his bunk. (*Id.* ¶ 3.) He was given a knee brace and scheduled for a steroid injection. (*Id.*) He later refused the steroid injection. (*Id.*) Over the past year he has

---

[1] I note that the defendants filed a response to the preliminary injunction motion in accordance with the scheduling order; the plaintiff's reply, if any, was due November 14, 2012. More than two weeks have passed and no reply has been received, other than the plaintiff's filing which erroneously states that the defendants failed to respond to the motion. (*See* DE 40.)

2

received several different medications for his knee pain and has been on Naproxen, a prescription anti-inflammatory drug, since March 2012. (*Id.*) Cox underwent an x-ray of his knee in March 2012, and the results showed normal bone structure. (*Id.*) Dr. Liaw saw Cox in April 2012, informed him of his x-ray results, and noted that Cox was able to ambulate between the waiting room and the exam room with only a "slight limp." (*Id.*) Cox was seen again by medical staff in August 2012 and October 2012 for chronic care visits, and he reported that the Naproxen was helping with his pain. (*Id.*) Dr. Liaw's medical opinion is that Cox is experiencing arthritic changes of the knee, and that at present there is no medical indication for any treatment other than the medication he is currently receiving. (*Id.* ¶ 4.)

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjecting component by showing that: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citation omitted).

For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from

3

accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). A mere disagreement with medical professionals about the best course of treatment does not establish deliberate indifference, nor does negligence or even medical malpractice, since "the Eighth Amendment does not codify common law torts." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Additionally, prisoners are not entitled to demand specific care, nor are they entitled to the "best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). When an inmate has received some form of treatment for a medical condition, to establish deliberate indifference he must show that the treatment was "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate his condition." *Arnett*, 658 F.3d at 751.

Based on the above, Cox has not demonstrated that he is entitled to a preliminary injunction. The record shows that he is presently under the care of a physician for knee pain, and that he has received a knee brace and prescription anti-inflammatory medication. He underwent an x-ray, the results of which were normal. He was offered an additional form of treatment, a steroid injection, but he refused this treatment. Cox's treating physician is of the opinion that he is suffering from arthritis and that no additional treatment is warranted at this time. Based on the record, Cox has not demonstrated that the treatment he is receiving is "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate his condition." *Arnett*, 658 F.3d at 751. I do not foreclose the possibility that Cox may be able to show at later stages of the litigation that his past treatment was inadequate, or that he is in need of some additional treatment related to his present care. However, I do not find that he has satisfied the stringent

4

requirements for obtaining preliminary injunctive relief and, accordingly, his motion will be denied.

For these reasons, the plaintiff's motion for a preliminary injunction (DE 29) is **DENIED**.

ENTERED: November 30, 2012.

                                                                         /s/ Philip P. Simon
                                                                         Philip P. Simon, Chief Judge
                                                                         United States District Court